IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

January 14, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| IN RE: THE ESTATE OF PAUL F. O'NEAL | ) | LOUDON COUNTY |
| | ) | 03A01-9706-CH-00214 |
| | ) | |
| | ) | |
| HAYWOOD CLEMENT | ) | |
| | ) | HON. FRANK V. WILLIAMS, III, |
| Appellant | ) | CHANCELLOR |
| | ) | |
| | ) | |
| | ) | |
| | ) | AFFIRMED AND REMANDED |


WILLIAM T. AILOR OF KNOXVILLE FOR APPELLANT

LEE E. LEDBETTER OF LENOIR CITY FOR ESTATE OF PAUL F. O'NEAL


O P I N I O N


Goddard, P.J.


The origin of this appeal was a claim filed by the Appellant, Haywood Clement, in the Probate Division of the General Sessions Court for Loudon County against the Estate of Paul F. O'Neal in the amount of $2500, to which he contends he is entitled as a result of a "constructive trust established by the deceased."

The Judge of the General Sessions Court sustained the Executor's exception to the claim and Mr. Clement appealed this decision to the Chancery Court, which sustained the Executor's motion to dismiss the appeal. Mr. Clement then appealed to this Court, contending that the General Sessions Court did not in fact have jurisdiction.

He bases this assertion on two grounds. First, he argues that T.C.A. 16-15-501(d)(1)[1] establishes the jurisdictional limits for General Sessions Courts--except in certain cases not pertinent here--to controversies not exceeding $10,000.[2] Secondly, he argues that pursuant to T.C.A. 16-16-201, probate jurisdiction lies in the Chancery Court.

As to the first contention, the statute as to General Sessions Court jurisdiction is silent as to any limitation on probate jurisdiction, and for that reason we conclude the General Sessions Court has plenary jurisdiction in such matters.

---

[1]
(d)(1) The jurisdiction of courts of general sessions, where they have been created, shall extend to the sum of ten thousand dollars ($10,000) in all civil cases, both law and equity; provided, that this section shall not apply to cases of forcible entry and detainer, wherein the court shall have unlimited original jurisdiction; and provided further, that this section shall not apply to actions to recover personal property wherein the court shall have unlimited original jurisdiction, and jurisdiction to award an alternative money judgment not to exceed twenty-five thousand dollars ($25,000); and general sessions judges shall have jurisdiction to issue restraining orders and to enforce the penalty provisions for violation of such restraining orders.

[2] This limit has been raised to $15,000 by Chapter 472 of the Public Acts of 1997.

As to the second point, T.C.A. 16-16-201, as pertinent to this appeal, provides the following:

> **16-16-201. Probate jurisdiction and administration of estates in chancery court.**-- (a) In all counties where not otherwise specifically provided by public, private, special or local acts, all jurisdiction relating to the probate of wills and the administration of estates of every nature, including the estates of decedents and of wards under guardianships or conservatorships and related matters heretofore vested in the county court, the county judge or county chair, is hereby vested in the chancery court of the respective counties. The chancery court in such counties shall have exclusive jurisdiction over the probate of wills and the administration of estates of every nature, including the estates of decedents and of wards under guardianships or conservatorships, and all matters relating thereto, heretofore vested in the county court.

The Executor responds by calling our attention to Chapter 86 of the Private Acts of 1981, which provides in part the following:

> SECTION 1. The Judge of the General Sessions Court of Loudon County is hereby vested with jurisdiction over the probate of wills and the administration of estates, and all matters relating thereto, previously vested in the County Court, the County Judge or County Chairman, or the Chancery Court.

Mr. Clement correctly points out that the Private Act places jurisdiction with the Judge of the General Sessions Court and not with the General Sessions Court.

We conclude, upon reviewing the record and the legislative acts in question, that the naming of the Judge was a

3

drafting error and that it was clearly the legislative intent, as evidenced by the caption of the Act,[3] that the General Sessions Court was the entity to be vested with jurisdiction. This conclusion seems inescapable, given the fact that jurisdiction is vested in courts, not judges.

Finally, while recognizing that subject-matter jurisdiction may not be conferred by consent, we note in passing that Mr. Clement filed his claim in the General Sessions Court rather than seeking to have himself appointed Administrator with the will annexed in the Chancery Court as he, being a Claimant, was entitled to do.

For the foregoing reasons the judgment of the Chancery Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary and collection of costs below. Costs of appeal are adjudged against Mr. Clement and his surety.

_____
Houston M. Goddard, P.J.

---

[3] AN ACT to vest jurisdiction of probate matters and the administration of estates in the General Sessions Court of Loudon County and to amend Chapter 57 of the Private Acts of 1959, as amended.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.